# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHAD YOUTH ENHANCEMENT CENTER, INC. and UNIVERSAL HEALTH SERVICES, INC., | ) ) ) ) |
| Plaintiffs, | ) Case No. 3:09-0545 |
| | ) Judge Echols |
| v. | ) ) |
| COLONY NATIONAL INSURANCE CO., | ) ) |
| Defendant. | ) |

## ORDER

This is a declaratory judgment action relating to coverage under an insurance policy issued to Plaintiffs Chad Youth Enhancement Center, Inc. and Universal Health Services, Inc. (collectively "Chad Youth") by Defendant Colony National Insurance Co. ("Colony"). On February 2, 2010, this Court entered an Order (Docket Entry No. 56) which, among other things, granted Chad Youth's Motion for Partial Summary Judgment (Docket Entry No. 33) and denied Colony's Cross-Motion for Summary Judgment (Docket Entry No. 46) on Count I of Chad Youth's Amended Complaint. In doing so, the Court declared that the excess liability insurance policy issued by Colony, which "followed form" to an underlying excess policy issued by Axis Surplus Insurance Company ("Axis") and an underlying primary policy issued by General Star Indemnity Company ("General Star"), provided coverage for punitive damages which might be assessed in a related case pending in the Eastern District of Pennsylvania. Colony has now filed a "Motion for Reconsideration, or in the

1

Alternative, Motion for Certification Under Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b) for an Immediate Appeal" (Docket Entry No. 62).[1]

In its Motion to Reconsider, Colony raises two grounds. First, Colony argues the Court misconstrued the "following form" provision in its insurance policy and, in particular, a punitive damages exclusion. Second, Colony argues the Court erred because the General Star insurance policy does not cover punitive damages since that policy's definition of "claim," does not include "sanctions, fines or penalties."

The standard of review governing motions for reconsideration has been summarized recently as follows:

> A motion for reconsideration is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion. See Database America v. Bellsouth Advertising & Publishing, 825 F.Supp. 1216, 1219-20 (D.N.J.1993); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, § 2810.1 (2d ed. 1995)(Motions to alter or amend judgment cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." In re Christie, 222 B.R. 64, 66 (Bankr. D.N.J.1998) ( citing Database, 825 F.Supp. at 1220). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" Database, 825 F.Supp. at 1220.
> Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made. See Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D. Pa.1993). When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument." Database, 825 F.Supp. at 1220.

---

[1]Colony has also filed a "Motion for Oral Argument" (Docket Entry No. 64) in relation to the Motion for Reconsideration or Alternatively for Certification of Immediate Appeal. The request for oral argument will be denied because Colony effectively presents its position in its written filings.

Beamer v. Bd. of Crawford Tp. Trustees, 2010 WL 1253908 at *2 (S.D. Ohio 2010).

In this case, Colony essentially recasts its prior arguments as evidenced by its repeated attempts to discount the arguments Chad Youth initially made in support of its Motion for Summary Judgment. Regardless, the Court has thoroughly considered the arguments raised by Colony in its Motion to Reconsider and concludes that the earlier ruling declaring coverage for punitive damages was correct.

In doing so, the Court reiterates that with respect to the "follow form" argument, there is an ambiguity given the Axis and General policies, and Colony could have specifically excluded all punitive damages from coverage or could have more narrowly defined the precise policy on which it was following form, but did not. As for the General Star policy, while the claims section excludes "fines and penalties," the policy provides coverage for "sums that any insured becomes legally obligated to pay resulting from a Claim to which the policy applies" and the Tennessee Supreme Court has indicated that virtually identical language covers punitive damages. Lazenby v. Universal Underwriters Ins. Co., 383 S.W.2d 1, 3 & 6 (Tenn. 1964).

While the Court will deny Colony's Motion to Reconsider, it will grant Colony's alternative request that the decision on punitive damages be made appealable pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. "Rule 54(b) relaxes the traditional finality requirement for appellate review" by allowing the district court to "'direct the entry of a final judgment as to one or more but fewer than all of the claims[.]'" Lowery v. Fed. Exp. Corp., 426 F.3d 817, 820-21 (6th Cir. 2005)(quoting, Fed. R. Civ. P. 54(b)). In determining whether to direct entry of a final judgment with respect to less than all the claims, the Court considers such factors as: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might

3

or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; [and] (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." <u>Corrosioneering, Inc. v. Thyssen Environmental Sys., Inc.</u>, 807 F.2d 1279, 1283 (6th Cir. 1986).

The Order granting partial summary judgment in favor of Chad Youth was final in the sense that it resolved the request for declaratory relief on punitive damages coverage, leaving only the collateral request for attorney fees and costs on that claim. As for Chad Youth's two other claims and the underlying Pennsylvania action, Colony indicates that the parties have resolved their differences (save for whether or not coverage exists for punitive damages) and are trying to resolve the attorneys' fees issue. Further, there are no counterclaims pending. Thus, the only real dispute remaining appears to be whether this Court was correct in deciding that coverage existed for punitive damages in the Pennsylvania action and it does not appear that entering final judgment in relation to that issue will result in piecemeal appeals.

Accordingly, Colony's "Motion for Reconsideration, or in the Alternative, Motion for Certification Under Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b) for an Immediate Appeal" (Docket Entry No. 62) is hereby GRANTED IN PART and DENIED IN PART. The Motion is DENIED insofar as Colony seeks reconsideration of this Court's Order on the Cross-Motions for Summary Judgment (Docket Entry No. 56) but GRANTED insofar as Colony requests that the Court certify that there is no just reason for delaying an appeal on the ruling that the Colony policy provides coverage for punitive damages. The Clerk is DIRECTED to enter JUDGMENT in favor of Plaintiffs

on Count I of Plaintiffs' Amended Complaint so that an appeal may be taken of this Court's February 2, 2010, Order declaring that the Colony policy provides coverage for punitive damages for Plaintiffs in the case pending in the Eastern District of Pennsylvania styled <u>Paulette M. Dolby as the administratrix of the Estate of Omega Leach, III v. Universal Health Services, Inc., *et al.*</u> Colony's "Motion for Oral Argument" (Docket Entry No. 64) is hereby DENIED.

It is so ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE