UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHAD YOUTH ENHANCEMENT CENTER, INC. and UNIVERSAL HEALTH SERVICES, INC., | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 3:09-0545 ) Judge Trauger |
| v. | ) ) |
| COLONY NATIONAL INSURANCE CO., | ) ) |
| Defendant. | ) |

## MEMORANDUM

This is a declaratory judgment action relating to coverage under an insurance policy issued to Plaintiffs Chad Youth Enhancement Center, Inc. and Universal Health Services, Inc. (collectively "Chad Youth") by Defendant Colony National Insurance Co. ("Colony"). After Judge Echols entered an Order (Docket No. 56) declaring that Colony's excess liability insurance policy provided coverage to Chad Youth for punitive damages that might be assessed in a related case pending in the Eastern District of Pennsylvania, Chad Youth filed a "Motion for Award of Attorney's Fees" (Docket Entry No. 65).

In an Order dated July 28, 2010 (Docket No. 77), Judge Echols ruled that Chad Youth was entitled to an award of reasonable attorney's fees for the prosecution of this action, notwithstanding the fact that Colony had filed a notice of appeal. However, Judge Echols deferred ruling on the amount of fees because the requested fees were not substantiated in accordance with the requirements of Local Rule 54.01(b)(3). Chad Youth was afforded an opportunity to supplement the record, and did so by filing Supplemental Affidavits from counsel (Docket Nos. 78 & 79). Colony has filed a response in opposition to the supplemented fee request, and Chad Youth has filed a reply (Docket Nos. 80 & 86).

1

## I. DISCUSSION

Chad Youth's attorney's fee request is governed by Tennessee law. Under Tennessee law, the appropriate factors to be used as guidelines in determining reasonable attorney's fees are as follows:

1. The time devoted to performing the legal service.
2. The time limitations imposed by the circumstances.
3. The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly.
4. The fee customarily charged in the locality for similar legal services.
5. The amount involved and the results obtained.

Connors v. Connors, 594 S.W.2d 672, 676 (Tenn. 1980). While the parties agree that the foregoing factors control the award of attorney's fees in this case, they disagree as to whether the fees requested are reasonable.

Chad Youth seeks an award of attorney's fees in the amount of $252,001.10 for 510.3 hours of worked performed by lawyers at the Philadelphia, Pennsylvania law firm of Morgan, Lewis & Bockius, LLP ("Morgan Lewis"). It also seeks $27,859.50 for the 155.7 hours of work performed by lawyers at Rainey, Kizer, Reviere & Bell, PLC ("Rainey Kizer") in Jackson, Tennessee.[1]

Colony raises a number of arguments in relation to the reasonableness of Chad Youth's fee request. Having considered the parties' arguments and conducted a detailed review of the record (including the billing statements), the court concludes that Chad Youth is entitled to a significant award

---

[1] Chad Youth also seeks expenses in the amount of $10,265.42. While expenses (such as telephone charges and Westlaw fees) are often charged to a fee-paying client, Chad Youth has not provided any authority under Tennessee law for including such expenses as part of its attorney's fee award. See, Intern. Paper Co. v. Frame, 2003 WL 21195497 at *7 (5th Cir. 2003)(recognizing that federal law sometimes allows expenses (as opposed to costs) as a part of attorney's fees, but finding district court abused its discretion in awarding such expenses as a part of fees where plaintiff pointed to no supporting state law authority and fee request was governed by state law). Moreover, the settlement letter written by Judge Mitchell S. Goldberg, upon which Judge Echols relied in determining that an award of fees was appropriate, specifically references only "reasonable attorney's fees" and no mention is made of expenses. Accordingly, the court will not award the requested expenses as a part of the attorney's fee award.

of attorney's fees, but not nearly the full amount requested.

Colony first argues that while Chad Youth's counsel hold themselves out as having significant experience in insurance coverage disputes, the websites of Morgan Lewis and Rainey Kizer suggest otherwise. With regard to Morgan Lewis, which did the bulk of the work in this case, Colony asserts that neither "insurance coverage" nor "insurance" are listed in the firm's "areas of expertise" and that an associate by the name of Meredith Galto, for whom significant time is billed, does not even appear on the firm's website. (Docket Entry No. 80 at 3-4). As for Rainey Kizer, Colony asserts that, while the firm's website lists "'insurance coverage issues" as an area of practice within the firm's "Tort and Insurance practice," none of the attorneys who billed for this matter are listed on the website as attorneys who practice in the firm's "Tort and Insurance Practice." (Id. at 4).

Colony's contention that opposing counsel lack "familiarity with this specialty area of practice" is belied by the Supplemental Affidavits and accompanying biographies filed by Richard F. McMenamin of Morgan Lewis and by Marty R. Phillips of Rainey Kizer. Mr. McMenamin's biography, which appears on Morgan Lewis' website indicates that he is a partner in the firm's litigation practice, that his "commercial litigation practice includes regularly litigating insurance coverage disputes and counseling clients on coverage issues," that he "has experience in many types of coverage disputes," and that he "speaks and writes on insurance law issues." (Docket No. 79 at 79). As for Ms. Galto, Chad Youth notes in its reply brief that she does not appear on Morgan Lewis' website because she is now employed as an associate at Fox Rothschild LLP, another Philadelphia law firm.[2] (Docket Entry No. 82-1 at 2).

---

[2]A review of Ms. Galto's biography on the Fox Rothschild website indicates that, prior to joining Fox Rothschild, she worked for Morgan Lewis in its litigation department. At Fox Rothschild, Ms. Galto's "practice focuses on litigation," and she has experience in "commercial litigation," and "insurance recovery," among other things. (See, www.FoxRothschild.com, last visited on October 6, 2010).

3

Mr. Phillips' biography, which appears on the Rainey Kizer website, indicates that he is a member of the firm with almost thirty years of legal experience. While he specializes in defending medical malpractice actions, "[h]e also has significant experience in general civil litigation." (Docket No. 78 at 32).

Based upon the above, the court rejects Colony's assertion that Chad Youth's counsel lack familiarity with insurance coverage matters and litigation involving insurance coverage disputes. This conclusion, however, directly segues into another argument raised by Colony and that is that the amount of time billed is excessive.

This court's review of the time records submitted indicates that there is some excessiveness in billing. For example, lawyers at Morgan Lewis billed more than 36 hours for tasks related to the preparation of the Complaint in this action. This appears excessive in light of the fact that the Complaint was just over nine pages long and contained only two counts, particularly when counsel hold themselves out as having expertise in insurance coverage and litigation matters.

Additionally, Morgan Lewis seeks to recover attorney's fees for more than 510 hours of work which, as Colony observes, amounts to more than three full months of attorneys' time (assuming a work week of 40 hours). For a case that was decided on the motions within seven months of filing and did not involve any discovery, the overall number of hours expended appears excessive.

Further, a review of the records indicates that there is some duplicative billing, involving both intra-firm communications between Mr. McMenamin and Ms. Galto (see e.g., Morgan Lewis billing record for 6/11/09, 6/15/09, 6/22/09, 7/20/09, 7/22/09 & 8/10/09), and inter-firm conferences and communications between lawyers at Morgan Lewis and those at Rainey Kizer (compare e.g. Morgan Lewis billing records for 6/11/09, 6/30/09, 7/29/09, 8/06/09 & 9/10/09 with Rainey Kizer billing records for same dates). There also appears to be some duplication in several attorneys billing for review of the

4

same filings or proposed filings.  (See, e.g., Morgan Lewis billing records for 7/1/09, 7/22/09, 8/24/09, 9/21/09, & 9/22/09 and Rainey Kizer billing records for 6/24/09, 6/25/09, 7/10/2009, 7/13/2009, 8/6/09 & 8/09/09).  Moreover, the billing statements from Morgan Lewis contain extensive block billing, where discrete tasks are lumped together in one time entry.

To account for apparent excessiveness and duplication, a district court may "mak[e] a simple across-the-board reduction by a certain percentage."  Hudson v. Reno, 130 F.3d 1193, 1209 (6th Cir. 1997), *overruled in part on other grounds*, Pollard v. E.I. du Pont de Nemours & Co., 523 U.S. 843 (2001).  Such a procedure (in lieu of a line-by-line reduction) is particularly appropriate where, as here, the fee documentation is voluminous.  Disabled Patriots of America, Inc. v. Reserve Hotel, Ltd., 659 F.Supp.2d 877, 885 (N.D. Ohio 2009)(collecting cases).  Even though cutting hours in this fashion "may appear 'arbitrary,' it is an 'essentially fair approach" and "'is a practical means of trimming the fat from a fee application."  Hisel v. City of Clarksville, 2007 WL 2822031 at *6 (M.D. Tenn. 2007)(internal citations omitted).

In this case, the court finds that a 25% across-the-board reduction is appropriate to account for any excessiveness, duplication, redundancy, and block billing.  See, Hudson, 130 F.3d at 1209 (upholding 25% across-the-board reduction to account for duplication); Lochren v. County of Suffolk, 344 Fed. Appx. 706, 709 (2nd Cir. 2009)(court did not err in applying 25% across-the-board reduction in fees to compensate for overstaffing and needless duplication); Hisel, 2007 WL 2822031 at *6 (cutting fees by 25% and collecting cases where fees were reduced by 25% to 30% to account for excessiveness and duplication); Bryant v. Dollar Gen. Corp., 2007 WL 1875825 at *4 (M.D. Tenn. 2007)(discussing potential problems with block billing and collecting cases where fees were reduced by from 5% to 25%

for block billing).[3]

In determining that a 25% reduction is appropriate, the court rejects Colony's additional request that the number of hours be further reduced to eliminate the hours that were spent on this case before the Complaint was filed. Obviously, "litigation is not something that springs forth instantaneously like Athena from Zeus's head." Hunton & Williams v. U.S. Dept. of Justice, 590 F.3d 272, 287 (4th Cir. 2010). After all, a Complaint has to be drafted and that is not something that occurs in a vacuum. Counsel necessarily has to investigate the facts, research the law, and consult with the client, among other things. Moreover, in this case, Plaintiffs' counsel spent time trying to resolve the matter pre-filing, only to be thwarted by what they characterize as a recalcitrant insurer.

In addition to an across-the-board reduction, the court will reduce the hourly rate requested for the work performed by lawyers at Morgan Lewis. Chad Youth seeks attorney's fees at the hourly rate of $603.00 for Mr. McMenamin and $396.00 for Ms. Galto.[4] In support of that request, Mr. McMenamin avers that the rates requested are the customary rates charged by his firm in other cases and "are in line with the prevailing rates charged by other similarly experienced counsel in the Philadelphia, Pennsylvania community for providing similar services." (McMenamin Aff., Docket No. 79, ¶¶7-8). Even if that is so, Connors instructs that the fee be reasonable and based upon a fee which would be customarily charged in the locality of the court for similar legal services. Connors, 594 S.W.2d at 676;

---

[3]While the cited cases are based upon federal fee-shifting statutes, the court has located no cases which suggest that Tennessee law precludes an across-the-board reduction. The court notes that in Connors, the seminal case in Tennessee relating to fee awards, the Tennessee Supreme Court, on its own initiative, reduced the $20,000 award (which was supported by the expert opinion of lawyers) to $12,500.

[4]In its reply brief, Chad Youth claims that Colony errs by listing the hourly rates for Mr. McMenamin and Ms. Galto as being $670.00 and $440.00, respectively. (Docket Entry No. 82-1 at 5 n.6). However, any alleged error is understandable because Morgan Lewis' billing statement dated June 29, 2009 lists Mr. McMenamin's rate as being $670.00 per hour and Ms. Galto's at $440.00 per hour, even though all subsequent statements indicate the $603.00 and $396.00 hourly rates.

see, Adcock-Ladd v. Sec'y of the Treasury, 227 F.3d 343, 350 (6th Cir. 2000)("the 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record, rather than foreign counsel's typical charge for work performed within a geographical area where he maintains his office and/or normally practices").

Here, the relevant market is Nashville, Tennessee. However, the fees requested by Chad Youth for the work performed by Morgan Lewis attorneys are approximately double the amount generally awarded to Nashville lawyers with comparable skill and experience. See, Grubb & Ellis/Centennial, Inc. v. Gaedeke Holdings, 218 Fed. Appx. 390, 402 (6th Cir. 2007)(affirming award of attorney's fees in Nashville based on rate of $270 per hour for lead counsel); Cummings v. BP Products No. Amer., Inc., 2010 WL 796825 at *5 (M.D. Tenn. 2010)(combined hourly rate for partners and associates of approximately $259 for work performed over three-year period of time was reasonable); Harris v. Metro. Gov't. of Nashville, 2009 WL 2423306 at *3 (M.D. Tenn. 2009)(approving $275 hourly rate for solo practitioner who specialized in employment litigation); Doe v. Wilson County School Sys., 2008 WL 4372959 at *11 (M.D. Tenn. 2008)(approving $350 hourly rate for lawyer with more than 20 years of litigation experience and $185 hourly rate for lawyer with seven years of experience); Ibarra v. Battett, 2008 WL 2414800 at *2 (M.D. Tenn. 2008)(finding that "the requested rates of $250-$275 per hour are reasonable"). Accordingly, and to bring the fees in line with the prevailing rate in Nashville, the court will halve the hourly rates for the work performed by the lawyers at Morgan Lewis, making Mr. McMenamin's effective rate slightly more than $300 per hour and Ms. Galto's rate just under $200 per hour. Such hourly rates, as adjusted, are reasonable for the work performed in this case.[5]

---

[5]No adjustment is necessary in relation to the fees requested for the work performed by the lawyers at Rainey Kizer. Mr. Phillips seeks hourly fees in the amount of between $230 and $240 per hour for the work he performed, and fees ranging from $185 to $195 per hour for the fees of his associates. These hourly rates are reasonable in the Nashville market, and Colony admits as much in its response brief (Docket No. 80 at 8).

7

Based upon the foregoing, Chad Youth will be awarded $94,500.41 ($252,001.10 - 25% = $189,000.82 ÷ 2 = $94,500.41, or $252,001.10 ÷ 2 = $126,000.55 - 25% = $94,500.41) in attorney's fees for the work performed by the attorneys at Morgan Lewis. Attorney's fees will also be awarded in the amount of $20,894.62 ($27,859.50 - 25% = $20,894.62) for the work performed by the attorneys at Rainey Kizer.

In determining to reduce the requested fees, the court is not suggesting that this was a run-of-the-mill or simple case. Quite the contrary, significant legal issues were raised and ably addressed by counsel, and both sides took the opportunity to litigate the matter fully. Moreover, the lawyers for Chad Youth achieved a very favorable result for their client because, if Judge Echols' merits ruling is upheld on appeal, Colony will be required to fund a significant percentage of the amount paid by Chad Youth to settle the underlying Pennsylvania action. Nevertheless, this case was decided strictly on the papers and the court finds that the amount awarded fully and fairly compensates Chad Youth's lawyers for the work performed.

## II. CONCLUSION

On the basis of the foregoing, the court will award Chad Youth $94,500.41 in attorney's fees for the work performed by Morgan Lewis, and $20,894.62 for the work performed by Rainey Kizer in this case.

_____
ALETA A. TRAUGER
United States District Judge